**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.**

RAUL ALMENDRO RODRIGUEZ,

    Plaintiff,

v.

MINORITY MOBILE SYSTEM, INC., and
ALEIDA COBO,

    Defendants.
_____/

## **COMPLAINT**

COMES NOW, the Plaintiff, RAUL ALMENDRO RODRIGUEZ (hereinafter "Plaintiff" and/or "RODRIGUEZ"), by and through his undersigned counsel, and files this Complaint against Defendants, MINORITY MOBILE SYSTEM, INC. (hereinafter "Defendant" and/or "MINORITY"), and ALEIDA COBO (hereinafter "Defendant" and/or "COBO"), individually, for violations of the Fair Labor Standards Act ("FLSA") and, in support thereof, states as follows:

1. This is an action brought by Plaintiff under the FLSA, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

2. RODRIGUEZ is over the age of 18 and resides in Miami-Dade County, Florida.

3. Plaintiff is or was a covered, non-exempt employee under the federal wage and hour laws, and is entitled to overtime pay consistent with the requirements of these laws.

4. Defendant, MINORITY MOBILE SYSTEM, INC., at all relevant times, was a Florida corporation with its principal place of business located at 8601 S.W. 129th Terrace, Miami, FL 33156.

5. The Defendants' business activities involve those to which the FLSA applies.

6. The Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period as the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

7. The Plaintiff's work for the Defendants was in and/or closely related to the movement of commerce while he worked for the Defendants.

8. The Defendants also regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce.

9. Defendant, MINORITY MOBILE SYSTEM, INC., at all times relevant to this action was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, at all relevant times to this action the annual gross sales volume of the Defendant exceeded $500,000.00 per year.

10. The individual Defendant COBO is a corporate officer and/or owner and/or manager of the Corporate Defendant, MINORITY MOBILE SYSTEM, INC.

11. The individual Defendant COBO ran and/or assisted in the running of day-to-day operations of Corporate Defendants at all relevant times alleged within this complaint.

12. The individual Defendant COBO was responsible for paying RODRIGUEZ' wages for the relevant times alleged in this complaint.

13. The individual Defendant COBO was RODRIGUEZ' employer as defined by 29 U.S.C. 203(d).

14. Defendants violated the FLSA by failing to pay Plaintiff overtime compensation and for retaliating against Plaintiff for her complaints and objections to Defendants' unlawful acts.

15. All of the relevant events alleged in this complaint occurred in Miami-Dade County.

## COMMON FACTUAL ALLEGATIONS

16. From approximately February 28, 2014 through March 18, 2016, RODRIGUEZ worked for Defendant as a driver.

17. During the span of Plaintiff's employment by Defendants, Plaintiff worked for the Defendant in excess of forty (40) hours within a work week. Plaintiff should have been compensated at the rate of one and one-half times their regular rate for the hours worked in excess of forty (40) hours per week as required by the FLSA.

18. Specifically, from on or about February 28, 2014 through March 18, 2016, Plaintiff worked on average 54 hours per week at a rate of $12.23 per hour. However, Plaintiff was never paid the extra time and a half rate of $18.35 for all hours worked over 44 as required by the FLSA. Therefore, Plaintiff is claiming the extra time and a half rate of $18.35 for all hours worked over 44 during the relevant time period.

19. Defendants permitted Plaintiff to work more than forty (40) hours per weeks without receiving proper overtime compensation for all of his hours worked.

20.     Defendants failed to appropriately track the hours worked by Plaintiff. This practice resulted in inaccurate time keeping as Defendants failed to properly track and maintain records as to hours worked by the Plaintiff.

21.     Defendants knew, or should have known, that Plaintiff worked unpaid overtime hours.

22.     Defendant's conduct is willful and in bad faith and has caused significant damages to the Plaintiff.

### COUNT I
### FAIR LABOR STANDARDS ACT OVERTIME VIOLATION

23.     Plaintiff re-alleges and incorporates all the allegations contained within Paragraphs 1 through 22.

24.     This is an action to collect unpaid overtime wages under the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA").

25.     Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216 (b).

26.     29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate. . . ."

27.     Specifically, from on or about February 28, 2014 through March 18, 2016, Plaintiff worked on average 54 hours per week at a rate of $12.23 per hour. However, Plaintiff was never paid the extra time and a half rate of $18.35 for all hours worked over 44 as required by the FLSA. Therefore, Plaintiff is claiming the extra half-time rate of $18.35 for all hours worked over 44 during the relevant time period.

28. This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* As a result, Plaintiff has suffered a loss of wages.

29. Defendants willfully and intentionally refused to pay RODRIGUEZ' overtime wages as required by the FLSA as Defendants knew of the Federal Overtime Wage requirements of the FLSA and recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

30. Defendants also failed to properly record Plaintiff's overtime hours. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants failed to make, keep, and preserve records with respect to its employee sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

WHEREFORE, the Plaintiff requests double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury for all triable issues as of right.

**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, 2nd Floor
Miami, FL 33126
Telephone: (305) 266-1150
Facsimile: (305)266-1151
Email: amorgado@coronapa.com
Secondary Email:rcorona@coronapa.com

By: /s/ Allyson Morgado
Allyson Morgado, Esq.
FBN 91506